ARTHUR M. MURPHY, as RECEIVER, &c., RESPONDENT, v
LAFAYETTE MOORE, MARY E. MOORE, HENRIETTA
BRIGGS, CATHARINE WHITING, APPELLANTS, IM-
PLEADED WITH JACOB I. WERNER.

*Conveyance made with intent to defraud creditors—rights of mortgagees of the
fraudulent grantee.*

Where, in an action brought by a receiver appointed in proceedings supple-
mentary to execution, to set aside a conveyance, as fraudulent as against
the creditors of the grantor, it appears that the fraudulent grantee has at
the request of the fraudulent grantor given mortgages upon the property to
secure debts of the grantor, existing at the time of the conveyance, to
creditors who were ignorant of his pecuniary condition and ability, and of
his intent in making the conveyance, the rights of such mortgagees are supe-
rior to those of the creditors bringing the action, and cannot be affected
thereby.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury. The action
was brought by the plaintiff, who had been appointed a receiver of
the property of one Lafayette Moore, in proceedings supplement-
ary to execution, issued upon judgments recovered against him in
April and May, 1878, to set aside certain conveyances made by
Moore to Werner, and by Werner to Moore's wife, in February of
that year, and also certain mortgages given to the defendants Hen-
rietta Briggs and Catharine Whiting (creditors of Lafayette Moore)
at Moore's request, by Mrs. Moore upon the property so conveyed
to her. In March, 1878, Lafayette Moore made a general assign-
ment of all his property for the benefit of his creditors.

*Monroe Wheeler*, for the appellants, Lafayette Moore and Mary
E. Moore.

*Jacob I. Werner*, for the appellants, Briggs and Whiting. By
the conveyances, the legal title to the seventy-two acres of land was
vested in Mrs. Moore, and has never been divested, except by her
mortgages, to Mrs. Briggs and Mrs. Whiting. (*Rankin* v. *Arndt*,
44 Barb., 251, 256, 257; 2 R. S., 137, § 5; *Cole* v. *Malcolm*, 66

N. Y., 363, 365, and cases cited in appellant's brief.; Bump on Fraud. Con., 2d ed., 451, 452, 571, and notes; 4 Abb.. New Dig., title "Mortgage," §§ 448, 449 ; 4 Johns., 216 ; 2 R. S., 137, marg. § 5 ; 44 Barb., 251, 256, 257 ; Bump on Fraud. Con., 2d ed., 488, 489 ; *Jackson* v. *Henry*, 10 Johns., 184, 196, 197 ; *Auburn Exchange Bank* v. *Fitch*, 48 Barb., 344, 349.) By the agreement and consent of all of the defendants, a portion of Mr. Moore's property was finally appropriated to the payment of his debts. He had an undoubted right to prefer his creditors. (*Cramer* v. *Blood*, 57 Barb., 155, 671 ; *S. C.*, 48 N. Y., 684 ; Bump on Fraud. Con., 2d ed., 473, and notes, 484, where it is said : "An innocent mortgagee as well as a *bona fide* purchaser is within the protection of the proviso ;" and 5 Lans., 149, is cited, with other cases ; *Wilson* v. *Berg*, 7 Reporter, 508 ; *Waterbury* v. *Sturtevant*, 18 Wend., 353, 363, opinion by Senator EDWARDS ; *Hall* v. *Arnold*, 15 Barb., 599.) The same rule must prevail as to real estate, whenever the prosecuting creditor has not a prior lien or a superior equity ; and the case of *Cery* v. *White* (52 N. Y., 138), is not in conflict with this position. (See 1 Barb. Ch., 220 ; 4 Sandf., 522 ; *Anderson* v. *Roberts*, 18 Johns., 515 ; *Birdseye* v. *Ray*, 4 Hill, 158.) "The parties may rescind the fraudulent contract and enter into a new contract for a sale or other transfer of the property, and if the latter is made in good faith and for a valuable consideration, it will not be contaminated by the fraud in the first." (Bump on Fraud. Con. (2d ed.), 473, and 57 Barb., 155 ; *S. C.*, 48 N. Y., 684 ; 4 Id., 496 ; 2 Robt., 459 ; 48 Mass., 520, and numerous other cases there cited ; Civil Code, § 1915, citing *Miller* v. *Lewis*, 4 N. Y., 554, 559 ; 1 Story Eq. Jur., 12th ed., §§ 381, 433, 640.) Purchaser without notice protected. (*Newton* v. *McLean*, 41 Barb., 285, 287, 289 ; 44 Id., 251 ; 10 Johns., 196.)

*Griswold & Crowell*, for the respondent. The conveyance by Moore to his wife of this real estate was void as to the plaintiff and the judgment creditors whom he represents as receiver. (2 Edm. Stat., 142 ; *Cole* v. *Tyler*, 65 N. Y., 73 ; *Union National Bank* v. *Warner*, 12 Hun, 306.) The mortgages executed by Mrs. Moore to the defendants Briggs and Whiting must fail to the same

extent as the title of the mortgagor, being a mere lien on such title. (*Rinchey* v. *Stryker*, 28 N. Y., 598 ; *Barnard* v. *Campbell*, 55 N. Y., 461.) Neither defendant Briggs nor Whiting comes within the exception in the statute provided by section 5, 2 R. S., 137. These mortgagees, not being *bona fide* purchasers for a valuable consideration, could acquire a lien only on such title to this real estate as their mortgagor possessed. (*Barnard* v. *Campbell*, 58 N. Y., 73 ; *De Lancey* v. *Stearns*, 66 Id., 157 ; *Cary* v. *White*, 52 Id., 138 ; *Weaver* v. *Borden*, 49 Id., 289 ; *Griffin* v. *Marquardt*, 17 Id., 28 ; *Picket* v. *Barron*, 29 Barb., 508 ; *Dickerson* v. *Tillingerhast*, 4 Paige, 215.) The defendant Whiting had notice of the fraud in the conveyance by Moore to his wife. (*Herlick* v. *Brennan*, 11 Hun, 194 ; *Williamson* v. *Brown*, 15 N. Y., 354 ; *Reed* v. *Gennon*, 50 Id., 349 ; *Myer* v. *Lathrop*, 73 Id., 321.) The deeds and mortgages should be considered as parts of one single transaction and fraudulent scheme. (*Haydock* v. *Coope*, 53 N. Y., 68 ; *Elias* v. *Farley*, 3 Keyes, 398 ; *Nicholas* v. *McEwen*, 17 N. Y., 22 ; Bishop on Assignments, § 184.) The judgments were valid liens on this real estate. (*Chautauqua County Bank* v. *Risley*, 19 N. Y., 370 ; *Porter* v. *Williams*, 9 Id., 142 ; *Underwood* v. *Sutcliffe*, 77 Id., 62 ; *Austin* v. *Bell*, 20 Johns., 441 ; *Rinchey* v. *Stryker*, 28 Id., 45 ; *Bank* v. *Leggett*, 51 Id., 552.) The assignee is not a necessary party. (*Cole* v. *Malcomb*, 66 N. Y., 365.) The right of a judgment creditor to set aside a conveyance as fraudulent and void as to creditors, is not affected by a voluntary general assignment. (*Brownell* v. *Curtis*, 10 Paige, 211 ; *Leach* v. *Kelsey*, 7 Barb., 466 ; *Browning* v. *Hart*, 6 Id., 91 ; *Andrews* v. *Roberts*, 16 Johns., 526 ; 19 Alb. Law J., 282 ; 22 Id., 60.) There is nothing in chapter 314 of Laws of 1858 (4 Edm. Stat., 483), that deprives a judgment creditor of his right of action.

LEARNED, P. J. :

Assuming, for the present, that the conveyances from Moore to Werner, and that from Werner to Mrs. Moore, were fraudulent and void as against creditors, the important question is whether the mortgages, executed by Mrs. Moore to Mrs. Briggs and to Mrs. Whiting, must fail.

. Mrs. Briggs and Mrs. Whiting were *bona fide* creditors of Moore. It does not distinctly appear, but it would seem that the greatest part of this indebtedness arose before the conveyance by Moore to Werner. It is specially found by the court that, prior to the execution of the mortgages to Mrs. Briggs and to Mrs. Whiting, these persons were ignorant of the pecuniary affairs and condition of Moore, and of his ability or inability to pay his debts, and had no notice of the claims of the persons represented by the receiver, and also that they had no knowledge of the circumstances of, or the consideration for the conveyances by which Moore transferred the land to his wife; and had no actual knowledge or information of the intent of the conveyances, other than such as appeared from the conveyances themselves. Thus it appears that these mortgagees acted in good faith, and with no intent to defraud.

It is undoubtedly true, as urged by the plaintiff, that, where a conveyance has been made which is fraudulent against creditors, a purchaser from the fraudulent grantee, in order to resist the rights of the grantor's creditors, must have parted with value as a consideration for the conveyance to him. And therefore, if the fraudulent grantee, to secure a pre-existing debt of his own, and without any present consideration, mortgages the property, the mortgagee cannot defeat the rights of the creditors of the original grantor. The reason of this is plain. The creditors of the fraudulent grantor are entitled to have his property applied to their debts, in preference to one who has parted with nothing on the strength of the apparent title of the fraudulent grantee.

But the present question is entirely different. Here the fraudulent grantee, at the request of the fraudulent grantor, has applied the property to secure debts of the grantor himself. The act then amounts only to a preference given by the grantor to one of his creditors over another. In this there is nothing fraudulent. The fraud consists in his taking away from his creditors that which should apply to their debts. But when his property is applied to any of his debts, there is no fraud in such application. The fraudulent grantee, in surrendering the property, and applying it to the payment of the grantor's debts, was doing the very equity which would have been demanded of her by the court.

Mrs. Briggs and Mrs. Whiting have legal mortgages on the property. The plaintiff claims that the mortgages are void as to the creditors of Moore. But Mrs. Moore and Mrs. Whiting, being themselves creditors of Moore, are just as equitably entitled to have their debts paid or secured, out of Moore's property, as are the persons whom the plaintiff represents. And Mrs. Moore and Mrs. Whiting, besides this equal equity, have the legal rights given by their mortgages. There is no reason, therefore, that they should be deprived of the rights which they have obtained. (*Seymour* v. *Wilson*, 19 N. Y., 417.) This doctrine, or one quite analogous, was recently held by this court in *Pond* v. *Comstock* (20 Hun, 492).

These views render it needless to examine the question, whether the assignee of Moore was a necessary party.

The judgment must be reversed so far as it affects Mrs. Briggs and Mrs. Whiting, and it must be adjudged that their mortgages are valid as against the plaintiff and those whom he represents; and Mrs. Briggs and Mrs. Whiting must recover against the plaintiff costs of the action and of this appeal.

Present—LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed as to Mrs. Briggs and Mrs. Whiting, and judgment for them against plaintiff, with costs; form of judgment to be settled before LEARNED, P. J.